UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
WILLIAM FREED d/b/a FREED            :
CHIROPRACTIC CENTER, individually   :
and as representative of a class of similarly :
situated persons,                    :
                                     :
      Plaintiff,                 :      Civil Action No. 12-6201 (JAP)
                                     :
  v.                                 :
                                     :      **OPINION**
METRO MARKETING INC, et al.          :
                                     :
                                     :
      Defendants.                :
_____:

PISANO, District Judge.

      Plaintiff brings this putative class action against Metro Marketing Inc. and Ariel Freud alleging violations of the Telephone Consumer Protection Act ("TCPA") as amended by the Junk Fax Prevention Act ("JFPA"), which prohibits a person from faxing advertisements to recipients who have not previously consented to receive such faxes.  Presently before the Court is a motion by defendants Metro Marketing Inc. ("Metro") and Ariel Freud (collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.  Alternatively, Defendants move for summary judgment.  Plaintiff has opposed Defendants' motion to the extent the motion seeks relief under Rule 12(b)(6).  To the extent that Defendants argue alternatively for summary judgment, Plaintiff argues under Rule 56(d) that discovery is necessary for him to appropriately respond.  For the reasons below, Defendants' motion is denied.

I.  BACKGROUND

As others have noted in similar cases, "[t]his is a junk fax case, and like most such cases, the facts are not especially juicy."  *CE Design, Ltd. v. Prism Business Media, Inc.*, 606 F.3d 443, 444 (7th Cir. 2010).  According to the complaint, on March 26, 2009, November 19, 2009, April 6, 2010 and July 28, 2010, respectively, Plaintiff received one-page facsimiles.  Compl. ¶ 13.  The first fax promoted "Recession Proof Marketing" for chiropractors.  It stated on its face that it was from "Bill Peart" at "Metro Marketing."  The next fax was from "Bill" at "Metro Marketing" and promoted Metro's "programs" to assist chiropractors in finding new patients.  The third was similarly from "Bill" at "Metro Marketing" and likewise promoted "programs" directed to finding new patients.  The last was also from "Bill" and offered to "[h]eat up [the receipient's] summer with guaranteed new patients, risk-free."  *Id.* Ex. A (four faxes).  These faxes were allegedly unsolicited by Plaintiff.  *Id.* ¶ 13.

II.  ANALYSIS

Under the TCPA, it is unlawful "to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement ...." 47 U.S.C. § 227(b) (1)(C).  The act provides a private right of action and statutory damages in the amount of $500 per violation.  Plaintiff alleges that Defendants sent the four faxes he received and in doing so violated the TCPA.

A.  Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a case may be dismissed for "failure to state a claim upon which relief can be granted."  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  Therefore, in order to withstand a motion to dismiss pursuant to 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The plausibility standard is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* The plausibility standard is not a "probability requirement," but "it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

To decide if a complaint meets this plausibility standard and therefore, survives a motion to dismiss, the Third Circuit has required a three step analysis: (1) the Court must "outline the elements a plaintiff must plead to ... state a claim for relief"; (2) the Court must identify "those allegations that are no more than conclusions and thus not entitled to the assumption of truth"; and (3) "where there are well-pleaded factual allegations, [the Court] should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Bistrian v. Levi,* 696 F.3d 352, 365 (3d Cir. 2012); *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

In deciding a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached [thereto], matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents ."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2011)

In support of their motion to dismiss, Defendants argue that Plaintiff has "failed to allege any facts forming a basis for his … allegations that both Metro Marketing Inc. and Freud

3

'created or made,' and then 'sent the four faxes attached to the complaint." Def. Br. at 7.  Freud in particular claims there are no allegations connecting him to the faxes.

While it is true that the seemingly boilerplate complaint is a bit light on factual allegations, attached to the complaint are each of the four faxes.  The first three expressly contain the text and/or logo for "Metro Marketing," and the last contains a web address that takes you to the website for "Metro Marketing."  Metro Marketing's name, logo, and web address, taken in context, are not incidental to the communication but are used in connection with the identity of the sender of the fax and/or to identify the provider of the services being promoted in the fax.  As to Freud, he is identified as an officer of Metro and the complaint alleges that Freud "authorized" a "scheme to broadcast by facsimile" by, among other things, directing that the faxes be sent.

Thus, taking the allegations in the complaint as true, considering the exhibits attached to be what they purport to be, and drawing all reasonable inferences in favor of Plaintiff as the court is required to do, *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008), the Court finds that the claims against Metro Marketing Inc. and its officer are plausibly stated in the complaint.  The Court rejects the argument by Defendants that the complaint must contain allegations to sufficient to identify the alleged sender of the faxes as between two related entities named "Metro Marketing," *i.e.*, Metro and Metro Marketing LLC.  At this stage of the litigation, it is sufficient that the claims against Metro are plausible.  Accordingly, Defendants' motion, to the extent it seeks dismissal against these defendants under Rule 12(b)(6), is denied.

Defendants also move to dismiss Plaintiff's class action allegations, alleging a lack of factual allegations in paragraphs 20-27 of the complaint.  However, in paragraphs 17, 33, and 34 there are allegations that faxes like those sent to Plaintiff were also sent to class members.  Furthermore, given the early stage of this case, the Court finds such a motion to be premature.

*See*, *e.g.*, *Greene v. BMW of North America*, 2013 WL 5287314, at *7 (D.N.J. September 17, 2013) (request to strike class claims premature); *Ehrhart v. Synthes*, 2007 WL 4591276, at *3 (D.N.J. Dec. 28, 2007) ("[D]ismissal of class certification allegations should be ordered only in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.") (internal quotations omitted); *Andrews v. Home Depot U.S.A., Inc.*, 2005 WL 1490474 (D.N.J. June 23, 2005); *Myers v. Medquist, Inc.*, 2006 WL 3751210 (D.N.J. December 20, 2006).  As such, the motion to dismiss the class allegations is denied.

B.  Motion for Summary Judgment

Alternatively, Defendants have moved for summary judgment.  To prevail on a motion for summary judgment, the moving party must establish "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In determining whether a genuine dispute of material fact exists, the court must view the facts in the light most favorable to the nonmoving party and extend all reasonable inferences to that party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Stephens v. Kerrigan*, 122 F.3d 171, 176–77 (3d Cir. 1997).  The Court is not required to "weigh the evidence and determine the truth of the matter" but instead need only determine whether a genuine issue necessitates a trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

On a summary judgment motion, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  If the moving party makes this showing, the

burden shifts to the nonmoving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The nonmoving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

The evidence Defendants submit in support of this motion consists of two certifications, one from defendant Freud who states that he is president of Metro Marketing Inc. and Metro Marketing LLC, and one from Larry Finkelstein, sales manager of Metro Marketing LLC. Defendants first allege that Metro could not have sent any of the faxes in question because, as stated in the certifications, Metro Marketing Inc. sold all of its assets and ceased business operations on December 31, 2008. *See* Freud Cert. ¶ 2. Thus, at all relevant times, Defendants contend that Metro was not in operation. They state that Metro had sold the portion of its assets relating to marketing services for chiropractors, among others, to non-party Metro Marketing LLC. *Id.*

As to defendant Freud, Defendants argue that beginning in 2006 Freud forbade Metro employees from sending unsolicited fax advertisements, and continues to enforce that policy as to the employees of Metro Marketing LLC. Def. Br. at 12-13. Thus they argue that "[b]ecause Ariel Freud sought to prevent his salespeople from sending unsolicited faxes, and did not authorize any faxes, if unsolicited, sent in breach of company policy, there is no basis to include Mr. Freud in this suit." Def. Br. at 12. For similar reasons, Defendants argue they are entitled to summary judgment on the class claims as well.

6

The Court finds Defendants' motion for summary judgment to be premature. The arguments they raise are fact based, and in order for Plaintiff to adequately respond at least some discovery is necessary. This case is in its earliest stages; Defendants have not yet even filed an answer. Accordingly, Defendants alternative motion for summary judgment is denied without prejudice as premature.

III.  CONCLUSION

For the reasons above, Defendants' motion to dismiss or, in the alternative, for summary judgment is denied. An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
Joel A. Pisano, U.S.D.J.

Dated:  September 30, 2013